UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>REALTEK SEMICONDUCTOR CORP.,<br><br>    Defendant. | Case No. 6:21-cv-00363<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST REALTEK SEMICONDUCTOR CORP.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendant Realtek Semiconductor Corp. ("Defendant"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of the following United States patent owned by Plaintiff, which relates to improvements in electronic circuitry in computing devices and processors: United States Patent No. 7,917,680 ("'680 Patent") (the "Asserted Patent").

**PARTIES**

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business

1

at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

3. On information and belief, Defendant Realtek Semiconductor Corp. is a corporation organized under the laws of Taiwan, with its principal place of business at No. 2 Innovation Road II, Hsinchu Science Park, Hsinchu 300, Taiwan.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.

6. Venue is proper in this District under 28 U.S.C. § 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Venue is also proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018). Defendant is a foreign corporation organized under the laws of Taiwan, with a principal place of business in Taiwan.

## FACTUAL ALLEGATIONS

7. Plaintiff made several attempts to engage Defendant in negotiations, putting Defendant on notice of the Asserted Patent.

8. Plaintiff wrote a letter dated November 11, 2019 to Defendant advising Defendant that Defendant required a license from Plaintiff for its products, including to the Asserted Patent. Plaintiff's courier service indicated that this letter was delivered.

9. Plaintiff wrote a letter dated January 8, 2020 to Defendant to follow-up on Plaintiff's November 11, 2019 letter. Plaintiff enclosed a copy of its November 11, 2019 correspondence with the January 8, 2020 letter. Plaintiff again advised Defendant that Defendant's products were covered by the Asserted Patent. Plaintiff's courier service indicated that multiple attempts to deliver to Defendant were made but were refused each time by Defendant.

10. Plaintiff wrote additional letters dated March 10, 2020 to Defendant to follow-up with Plaintiff's two prior attempts to reach Defendant. Plaintiff enclosed copies of both its November 11, 2019 and January 8, 2020 correspondence. Plaintiff again advised Defendant that Defendant's products were covered by the Asserted Patent. Plaintiff's courier service delivered these letters to Defendant, which were returned to Plaintiff's courier service.

11. Thus, despite Plaintiff's efforts, Defendant refused to discuss appropriate terms for a license to Plaintiff's patent. Plaintiff was left with no recourse but to file this lawsuit to protect its valuable assets.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,917,680

12. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

13. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,917,680 (the "'680 Patent"), entitled "Performance Based Packet Ordering in a PCI Express Bus." The '680 Patent was duly and legally issued by the United States Patent and Trademark Office on March 29, 2011. A true and correct copy of the '680 Patent is attached as Exhibit 1.

14. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), including products that use processors supporting ARM AMBA AXI4 or newer, including without limitation the Realtek RTD1295, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '680 Patent.

15. Defendant also knowingly and intentionally induces infringement of at least Claim 1 of the '680 Patent in violation of 35 U.S.C. § 271(b). Through at least the interactions as detailed in Plaintiff's Factual Allegations and at least the filing and service of this Complaint, Defendant has had knowledge of the '680 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '680 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '680 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '680 Patent, thereby specifically intending for and inducing its customers to infringe the '680 Patent through the customers' normal and customary use of the Accused Products.

16. Defendant has also infringed, and continues to infringe, at least Claim 1 of the '680 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '680

Patent, are especially made or adapted to infringe the '680 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '680 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

17. The Accused Products satisfy all claim limitations of one or more claims of the '680 Patent. A claim chart comparing independent claim 1 of the '680 Patent to representative Accused Products is attached as Exhibit 2.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '680 Patent pursuant to 35 U.S.C. § 271.

19. As a result of Defendant's infringement of the '680 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

20. Defendant also had knowledge of or has been willfully blind to its infringement of the '680 Patent, and based on that knowledge or willful blindness, it has willfully infringed the '680 Patent.

21. Defendant also had actual or constructive knowledge of Future Link's rights in the '680 Patent due to, for example, Future Link's communications with Defendant as detailed in the Factual Allegations.

22. Defendant's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '680 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '680 Patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of the '680 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '680 Patent; and

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

f. An award of enhanced damages to Plaintiff as a result of Defendant's willful infringement; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 13, 2021        Respectfully submitted,

<em>/s/ Reza Mirzaie</em>

Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
James Milkey (CA SBN 281213)
jmilkey@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Future Link Systems, LLC*