IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FUTURE LINK SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 6:21-cv-363-ADA |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| REALTEK SEMICONDUCTOR CORP., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT REALTEK SEMICONDUCTOR CORP.'S REPLY IN SUPPORT OF ITS**
**<u>MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11</u>**

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................1

II.    THE COURT SHOULD DISMISS FLS'S INFRINGEMENT CLAIMS BASED
       ON THE ARM AMBA AXI4 PROTOCOL.....................................................2

       A.     In Its Opposition, FLS Provides No Basis for Its Infringement Claims
              Directed to the ARM AMBA AXI4 Protocol ........................................2

       B.     FLS's Original Complaint Was Based *Solely* on the Alleged Use of the ARM
              AMBA AXI4 Protocol by Realtek Accused Products ...........................3

       C.     FLS's Amended Complaint Continues to Allege Infringement Based on the
              ARM AMBA AXI4 Protocol...................................................................3

       D.     Rule 11 Does Not Allow FLS to Plead and Maintain Frivolous Infringement
              Claims Based on the AXI4 Protocol, Irrespective of Whether FLS Has
              Alternatively Alleged Infringement Based on the CHI Protocol ............4

III.   THE COURT SHOULD DISMISS FLS'S SPECULATIVE CLAIMS BASED
       ON THE ARM AMBA CHI PROTOCOL.......................................................6

IV.    RULE 11 SANCTIONS ARE ALSO APPROPRIATE BECAUSE FLS HAS
       NOT EVEN ATTEMPTED TO SHOW THAT IT CONDUCTED AN
       ADEQUATE PRE-FILING INVESTIGATION ................................................8

V.     CONCLUSION...................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Antonious v. Spalding & Evenflo Co.*,
   275 F.3d 1066 (Fed. Cir. 2002)........................................................................... *passim*

*Datatern, Inc. v. Microstrategy, Inc.*,
   No. 11-cv-12220, Order (D. Mass. July 2, 2012) ....................................................6

*Graceway Pharm., LLC v. Perrigo Co.*,
   2010 WL 2521026 (D.N.J. June 10, 2010) ...........................................................10

*ICU Medical, Inc. v. Alaris Medical Systems, Inc.*,
   2007 WL 6137003 (C.D. Cal. April 16, 2007) .......................................................4

*Judin v. U.S.*,
   110 F.3d 780 (Fed. Cir. 1997).............................................................................7, 9

*Kuhl Wheels, LLC v. General Motors Corp.*,
   2007 WL 4570078 (E.D. Mich. Dec. 26, 2007) ......................................................7

*Medical Solutions, Inc. v. C Change Surgical LLC*,
   541 F.3d 1136 (Fed. Cir. 2008)..............................................................................10

*Q–Pharma, Inc. v. Andrew Jergens, Co.*,
   360 F.3d 1295 (Fed.Cir.2004)..................................................................................7

*Source Vagabond Systems Ltd. v. Hydrapak, Inc.*,
   753 F.3d 1291 (Fed. Cir. 2014)............................................................................8, 9

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind.Com de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009)..............................................................................10

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013)................................................................................5

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
   208 F.3d 981 (Fed. Cir. 2000)............................................................................. 7-9

*Vista Mfg., Inc. v. Trac-4, Inc.*,
   131 F.R.D. 134 (N.D. Ind. 1990) .............................................................................9

*Wong v. Affiliated Computer Services, Inc.*,
   2007 WL 4206631 (M.D. Fla. Nov. 27, 2007) ........................................................7

*Woods v. DeAngelo Marine Exhaust, Inc.*,
    692 F.3d 1272 (Fed. Cir. 2012)..............................................................................................10

**Other Authorities**

Fed. R. Civ. P. 11 ........................................................................................ *passim*

Fed. R. Civ. P. 11(c)(1)(A) .........................................................................................5

## I.    INTRODUCTION

By its Opposition, Plaintiff Future Link Systems, LLC ("FLS") has established three independent reasons why Realtek's Rule 11 Motion to Dismiss should be granted.

First, FLS fails to provide *any* response to Realtek's detailed rebuttal of FLS's infringement theory based on the AXI4 protocol, which was the sole basis for the original Complaint. *See* Motion at 9-16. FLS only argues that "***even assuming Realtek is correct that its products do not implement the AXI4 specification in an infringing manner***," its claims based on AXI4 should not be dismissed because it advanced an *alternative* infringement theory in its First Amended Complaint ("FAC"), based on an entirely different protocol ("CHI"). FLS contends Rule 11 only looks at a cause of action as a whole, so FLS is allowed to plead and litigate a frivolous infringement theory based on AXI4, so long as it is one of two alternative theories. This is not the law. The Federal Circuit has expressly held that *every* allegation and theory pled in the Complaint is analyzed separately under Rule 11, and that sanctions (including dismissal) are appropriate for *any* invalid infringement theory, *even if* other theories are valid. At a minimum, FLS's infringement claims based on AXI4 must be dismissed.

Second, FLS's claims should be dismissed in their entirety because the alternative infringement theory pled in the FAC *also* fails to satisfy Rule 11. FLS contends that Realtek products ***might*** implement the "CHI" bus architecture, but its sole basis for this new post-filing theory is that CHI is "one of two possible" options (the other being AXI4). A mere *"possibility"* that products *might* have an accused feature does not satisfy Rule 11. Moreover, FLS cites no evidence that any Realtek products actually implement a CHI bus architecture, and FLS does not contend that it even attempted to inspect or analyze any Realtek products to determine which type of bus architecture they use, either prior to filing suit or since. FLS's claims should therefore be dismissed in their entirety because its theories based on AXI4 and CHI both fail to satisfy Rule 11, for independent reasons.

Finally, under governing Federal Circuit precedent, the burden was on FLS to demonstrate  its basis for believing *before filing the Complaint* that it had a good faith basis for filing suit. Yet FLS has failed to set forth *any* evidence or explanation as to the scope or substance of its pre-filing investigation. The fact that FLS makes *no effort* to defend the only infringement theory pled in its original Complaint,

based on the AXI4 protocol, amply demonstrates that Rule 11 sanctions are appropriate.

For each of these reasons, Realtek's motion should be granted, the FAC should be dismissed, and Realtek should be awarded its attorneys' fees incurred in defending this action.

## II.    THE COURT SHOULD DISMISS FLS'S INFRINGEMENT CLAIMS BASED ON THE ARM AMBA AXI4 PROTOCOL

### A.    In Its Opposition, FLS Provides No Basis for Its Infringement Claims Directed to the ARM AMBA AXI4 Protocol

FLS observes that "Realtek's Motion spends **seven pages** setting forth Realtek's theory as to how one of FLS's infringement theories—the theory implicating AXI4—is allegedly unsupported." Opp. Br. at 11 (emphasis in original).[1]  Having recognized this, however, FLS then makes *no attempt* to respond to Realtek's detailed rebuttal of FLS's infringement theory, which used the same ARM documentation that FLS relies upon to show that the accused QoS signals and features *are not present* in any AXI4 interface of the ARM Cortes-A53 processor.  Motion at 9-16.  To the contrary, FLS implicitly acknowledges that its infringement claims based on the AXI4 protocol may be frivolous, but argues that it doesn't matter because the FAC alternatively alleges infringement based on *a different protocol* ("CHI"):

> "However, *even assuming Realtek is correct that its products do not implement the AXI4 specification in an infringing manner*, FLS's theory of infringement based on the CHI specification nevertheless supports the cause of action set forth in FLS's Complaint."  Opp. Br. at 11 (emphasis added).

As set forth below, FLS is wrong as a matter of law.  Under Rule 11, FLS cannot plead or maintain infringement claims based on the AXI4 protocol when those claims have been shown to

---

[1] In its FAC ¶ 19, FLS alleges infringement based on processors supporting "ARM AMBA AXI4" and/or "ARM AMBA CHI."  *See infra* at 3.  However, the ARM technical documents cited by FLS actually state that the two different memory interfaces that can be used in the Cortex-A53 processor are an ACE or CHI bus interface.  *See* Motion at fn. 2, 8.  In its Opposition and its pleadings, FLS fails to advance any infringement contentions based on an ACE bus interface, nor does it address any similarities or differences between AXI4 and ACE, but instead alleges infringement alternatively based on the AXI4 and CHI protocols.  Accordingly, for purposes of this Reply, it is only necessary to address the infringement theories actually pled by FLS and discussed in its Opposition, which are based on the AXI4 and CHI protocols.

be frivolous, *regardless* of whether FLS has also asserted an entirely different infringement theory based on a different protocol.  This case should not proceed to fact discovery as to an infringement theory that Realtek has affirmatively shown to be baseless and that FLS has not even attempted to defend.  Realtek's Rule 11 motion should be granted as to those claims based on the AXI4 protocol and those claims should be dismissed.

   **B.  FLS's Original Complaint Was Based *Solely* on the Alleged Use of the ARM AMBA AXI4 Protocol by Realtek Accused Products**

   In its Original Complaint, FLS based its infringement claims ***exclusively*** on the allegation that "processors supporting ARM AMBA AXI4 or newer … directly infringe" at least claim 1 of the ʼ680 patent.  Complaint ¶ 14 (Dkt. 1).  In support of its sole cause of action for infringement, FLS attached a claim chart as Exhibit 2, in which FLS again accused "processors supporting ARM AMBA AXI4 or newer" or infringing at least claim 1 of the ʼ680 patent.  *Id.* ¶17, Ex. 2 at 1.  For each claim limitation, FLS alleged that Accused Products with "an ARM AMBA AXI4 system" implemented the claim limitation at issue.  *Id.,* Ex. 2 at 1-19.  Throughout its claim chart, FLS ***exclusively*** cited the "AMBA AXI4 and ACE Protocol specification" as purportedly supporting its claim of infringement.  *Id.,* Ex. 2 at 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19.  FLS never cited any other support, nor did it present any other theory, for its claim of infringement against Realtek.  Counsel for FLS then refused to engage in any discussions with counsel for Realtek prior to Realtek filing its motion to dismiss and FLS's subsequent filing of its FAC.  Motion at 3-4.

   **C.  FLS's Amended Complaint Continues to Allege Infringement Based on the ARM AMBA AXI4 Protocol**

   In its FAC, FLS alleged for the first time that its infringement claims are based on "products that use processors supporting ARM AMBA AXI4 or newer and/or ARM AMBA CHI."  FAC ¶ 19 (Dkt. 18).  FLS incorporated by reference its claim chart attached to its original Complaint as Exhibit 2, *id.* ¶ 22, which only alleged infringement based on the use of the AXI4 protocol.  FLS also incorporated by reference its infringement contentions, which by that time had been served pursuant to the scheduling order in this action.  *See* Quilici Decl., Ex. 1, 2 (Dkt. 39-2, 39-3.)  In its

infringement contentions, FLS continued to allege that "Realtek products including processors supporting ARM AMBA AXI4 or newer" infringe the asserted claims of the ʼ680 patent.  FLS then alleged, for each claim limitation, that products using the AMBA AXI4 protocol allegedly satisfy that limitation.  Quilici Decl., Ex. 2 at 2-3, 7-15, 21-23, 26-30, 40, 42-49, 53-59, 65-67, 70-74, 85, 87-91, 94-95, 97-104, 110-112, 113-117.  Indeed, FLS quotes from the "AMBA AXI4 and ACE Protocol specification" **65 times** throughout its infringement contentions.  *Id.*  FLS then alleges "[a]s a further example" that "the Accused Products may also, or alternatively, include an ARM CHI bus" and sets out contentions in support of that alternative theory.  Accordingly, while FLS has now alleged an *alternative* theory of infringement directed to the CHI protocol, FLS *continues* to assert infringement against products based on their alleged use of the AXI4 protocol.

### D. Rule 11 Does Not Allow FLS to Plead and Maintain Frivolous Infringement Claims Based on the AXI4 Protocol, Irrespective of Whether FLS Has Alternatively Alleged Infringement Based on the CHI Protocol

In Opposition to Realtek's Rule 11 motion, FLS maintains that because its FAC pleads a "single cause of action" that is based on "two possible theories of infringement," only one of those two theories needs to have a good-faith basis in order to satisfy Rule 11  Opp. Br. at 10 (stating that the sufficiency of either theory "would support FLS's cause of action for infringement").  Accordingly, FLS argues that it can maintain infringement claims based on the AXI4 protocol—even if such claims are frivolous—because it has alternatively argued infringement based on the CHI protocol.

FLS is wrong as a matter of law.  Rule 11 is not analyzed on a cause-of-action basis, as FLS contends.  "An attorney's allegation of infringement is … subject to the requirement of Rule 11(b)(3) that all allegations and factual contentions have evidentiary support" and there must be a sufficient basis "to support each legal argument in the complaint."  *Antonious v. Spalding & Evenflo Co.,* 275 F.3d 1066, 1072-1074 (Fed. Cir. 2002).  "The current version of Rule 11 makes clear that sanctions may be based on a single invalid legal or factual theory, even if other asserted theories are valid."  *ICU Medical, Inc. v. Alaris Medical Systems, Inc.,* 2007 WL 6137003 at *7-16 (C.D. Cal. April 16, 2007) (awarding Rule 11 sanctions based on plaintiff's assertion of the "spike" patent claims, irrespective of

whether it had a basis to assert infringement of different claims of the same patents), *citing Antonious,*
275 F.3d at 1074. *See* Fed. R. Civ. P. 11(c)(1)(A) (a party may be sanctioned if any "challenged paper,
claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected").

 Consistent with this well-established law, the Federal Circuit has properly held that in a patent
case, the plaintiff must have a Rule 11 basis for ***each*** infringement theory pled in its complaint:

> The "paper-as-a-whole" approach was rejected by the 1993 amendments to Rule 11.
> *See* Georgene M. Vairo, *Rule 11 Sanctions: Case Law, Perspectives and Preventive
> Measures* 4–117 (2d. ed. 1990 & Supp.1995). The current version of the rule makes
> clear that ***sanctions may be based on a single invalid legal or factual theory, even if
> other asserted theories are valid.*** Fed. R. Civ. P. 11(c)(1)(A) (noting that a party may
> be sanctioned if any "challenged paper, claim, defense, contention, allegation, or denial
> is not withdrawn or appropriately corrected"). ***Advancing even a single invalid theory
> forces the defendant to respond and to do work it should not have been required to
> do. "Each claim takes up the time of the legal system and the opposing side.*** A single
> claim ... may occasion the expenditure of hundreds or thousands of hours, as opposing
> counsel try to verify or refute the allegations and theories."

*Antonious,* 275 F.3d at 1074.[2] In *Antonious,* the Federal Circuit specifically rejected the plaintiff's
contention that it satisfied Rule 11 so long as it had a sufficient basis for ***some*** of its infringement
contentions. *Id.* Rather, when some of plaintiff's infringement contentions are based on an "invalid
legal or factual theory," the plaintiff is not "immunized from sanctions based on the strength of the
other allegations of infringement." *Id.* at 1074-77 (remanding for consideration of whether plaintiff's
prefiling factual investigation was sufficient to support infringement contentions as to "each of the 21
accused Spalding Intimidator metal woods"). *See also Taurus IP, LLC v. DaimlerChrysler Corp.,* 726
F.3d 1306, 1329 (Fed. Cir. 2013) (where plaintiff accused both "internal websites" and "various
external public websites" of infringement, plaintiff was "correct (and required)" to withdraw its
infringement claims against the internal websites, because a plaintiff is required to abandon "***any***

---

[2] The prior version of Rule 11 only referred to a "pleading, motion, and other paper" as needing to
be "well-grounded" in fact and law. Rule 11 was amended in 1993 to require that all "legal
contentions" and "factual contentions" have sufficient legal or evidentiary support, rather than a
pleading or cause of action as a whole.

infringement claims that had no basis in fact or law"); *Datatern, Inc. v. Microstrategy, Inc.,* No. 11-cv-12220, Order (D. Mass. July 2, 2012) (finding that Rule 11 required "allegations of patent infringement [to] be supported by a good faith basis ... that each accused product (or combination of products) meets each limitation of an asserted claim" and "the theory under which [defendant] is alleged to be liable"). Because FLS has advanced alternative infringement theories, based on two different protocols, *each* infringement theory must satisfy Rule 11 or FLS is subject to sanctions, which may include dismissal of the baseless infringement theory and Realtek's attorneys' fees.

In response to the pre-filing service of Realtek's Rule 11 motion, FLS wholly ignored and failed to defend its infringement allegations based on the AXI4 protocol, focusing instead on its separate infringement allegations based on the CHI protocol. Quilici Decl., Ex. 12 (Dkt. 39-13). In response, counsel for Realtek asked FLS to dismiss with prejudice its claims of infringement "to the extent they are based on the use of an AXI4 or ACE bus or interface in any Realtek accused products." *Id.,* Ex. 13. Counsel for FLS refused, saying only that *if "any of the accused products contain processors supporting only ARM AMBA AXI4 … we are happy to consider whether that fact affects the inclusion of such products in the infringement contentions." Id.,* Ex. 14. However, the time for withdrawing its baseless infringement theory based on the AXI4 protocol was during the 21-day safe harbor period, not some time in the future, after the parties engage in fact discovery and incur needless expenses and fees. FLS's refusal to dismiss its claims based on the AXI4 protocol—despite its inability to articulate any good faith basis for those claims—necessitated the filing of the present motion.

## III.    THE COURT SHOULD DISMISS FLS'S SPECULATIVE CLAIMS BASED ON THE ARM AMBA CHI PROTOCOL

Faced with the reality that the only infringement theory pled in its original Complaint is frivolous, FLS advanced an alternative infringement theory in the FAC based on the ARM AMBA CHI protocol. However, FLS does not contend that it has conducted *any* evaluation of *any* Realtek product—at any time—to determine whether it actually uses a CHI bus architecture, as required under Federal Circuit precedent. Instead, FLS argues that the mere *possibility* that Realtek products *might* use a CHI bus architecture provides a basis for maintaining this lawsuit. It does not.

6

The sole basis for FLS alleging that any Realtek accused products use the CHI protocol is its contention that CHI is "***one of two possible*** bus architectures" that ***might*** be used by some of the accused products.  Opp. Br. at 3 (emphasis added).  FLS argues that because "the documentation for the processor used within Realtek's product specifies that CHI is one of only two alternative implementations of the processor," this "supports FLS's good-faith belief that Realtek uses the CHI specification."  *Id.* at 11-12.

Litigation is not a game of chance and Rule 11 cannot be satisfied by the functional equivalent of playing roulette and betting on "red" or "black" because it is "one of two options."  FLS cites no authority—and Realtek is unaware of any—that a plaintiff can satisfy its Rule 11 obligation based solely on the contention that an infringing configuration is "one of two possible" options, without more. This is clearly insufficient to satisfy Rule 11.  At a bare minimum, "the evidence uncovered by the patent holder's investigation must be sufficient to permit a reasonable inference that all the accused products infringe." *Antonious*, 275 F.3d at 1075.[3]

Moreover, FLS does not contend that it has actually evaluated any Realtek accused products (either prior to filing this lawsuit or since), or that it conducted any tear-down, reverse engineering, or testing to determine if any Realtek products actually implement a CHI bus architecture.  "Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims."  *Antonious,* 275 F.3d at 1073-74, *citing View Eng'g, Inc. v. Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000); a*ccord, Q-Pharma, Inc. v. Andrew Jergens, Co.,* 360 F.3d 1295, 1300–01 (Fed.Cir.2004); *see also, e.g., Judin v. U.S.,* 110 F.3d 780, 784 (Fed. Cir. 1997) (Rule 11 sanctions appropriate where the plaintiff made no attempt to obtain an accused device and "dissect or 'reverse-engineer'" it and plaintiff offered no explanation for its failure to do so).  Nor does FLS contend that the accused products are more likely to use the "CHI option" rather than AXI4.

---

[3] *See Kuhl Wheels, LLC v. General Motors Corp.,* 2007 WL 4570078 at *3 (E.D. Mich. Dec. 26, 2007) ("mere speculation" and "uncertainty" regarding product features is not sufficient to comply with Rule 11 and warrant discovery); *Wong v. Affiliated Computer Services, Inc.,* 2007 WL 4206631 at *3 (M.D. Fla. Nov. 27, 2007) ("suppositions or possibilities, and nothing more" does not satisfy Rule 11 and provide a basis for conducting "further discovery" during litigation).

Finally, FLS contends that Realtek has not proven a negative, *i.e.,* that Realtek's motion should be denied because Realtek has not proven that its accused products do *not* use a CHI bus architecture. This improperly shifts the burden of proof.  A plaintiff must have a sufficient good faith basis to *allege* that accused products actually contain an allegedly infringing feature, not just the mere *possibility* that they contain that feature.  Without a good faith basis for pleading that Realtek's products actually use a CHI bus architecture, FLS is not entitled to progress to the fact discovery phase of the litigation to determine whether its speculation is accurate.[4]

## IV.    RULE 11 SANCTIONS ARE ALSO APPROPRIATE BECAUSE FLS HAS NOT EVEN ATTEMPTED TO SHOW THAT IT CONDUCTED AN ADEQUATE PRE-FILING INVESTIGATION

In its Opposition, FLS does not advance any contentions—much less introduce any facts or evidence—concerning the scope of its pre-filing investigation (if any).  For example, to the extent that FLS is attempting to rely on an alternative infringement theory based on the CHI protocol, FLS does not even contend that it evaluated the possibility of infringement under the CHI protocol prior to filing its original Complaint.  Indeed, the fact that FLS's claims in the original Complaint were based solely on the AXI4 protocol suggest that FLS did *not* consider the CHI specification until sometime *after* it filed suit and *after* Realtek questioned the basis for its claims under the AXI4 protocol.  Similarly, to support its allegations that Realtek engaged in direct infringement in the United States, FLS now cites to reports of Realtek displaying certain accused products at trade shows.  Opposition at 8-10.  But FLS never referenced those trade shows until *after* Realtek served counsel for FLS with its Rule 11 motion. Accordingly, FLS has failed to show that it had a good faith basis for filing suit, and Rule 11 sanctions are appropriate on this separate and independent basis.

A "patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed ***before filing the claim*** that it had a reasonable chance of proving infringement."  *Source Vagabond Systems Ltd. v. Hydrapak, Inc.,* 753 F.3d 1291, 1302 (Fed. Cir. 2014) (emphasis added), *quoting View Eng'g,* 208 F.3d at 986.  "Failure to do so should ordinarily

---

[4] Realtek also disputes FLS's contention that QoS signaling is necessarily used by processors that implement the CHI bus architecture, but the Court need not reach that issue to decide this motion.

result in the district court expressing its broad discretion in favor of Rule 11 sanctions." *Id*. Accordingly, in *Source Vagabond,* the Federal Circuit affirmed Rule 11 sanctions where the plaintiff, when opposing a Rule 11 motion, "failed to submit any evidence demonstrating pre-suit analysis that reasonably concluded there was literal infringement" or infringement under the doctrine of equivalents. 753 F.3d at 1302.

Rule 11 requires that a plaintiff's investigation of whether an accused product infringes his patent "be undertaken *before* the suit is filed, not after." *Judin*, 110 F.3d at 784. "Rule 11 is not about after-the-fact investigation." *Id.* at 785. Accordingly, Rule 11 sanctions are appropriate against the plaintiff, its attorneys, or both, where the party and its counsel fail to make a reasonable effort to ascertain whether each accused product satisfy each claim limitation of an asserted patent claim *prior to filing suit,* even if "after filing the complaint" the plaintiff is able to develop "colorable" arguments of infringement. *Id.* at 785. Therefore, "in bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed ***before filing the claim*** that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in the district court expressing its broad discretion in favor of Rule 11 sanctions." *View Eng'g,* 208 F.3d at 986 (emphasis added). "When the filing of a complaint is alleged to be the violation, the test under Rule 11 is what the plaintiff knew when the complaint was filed, not what was learned later. A complaint filed in sheer ignorance of the facts violates Rule 11, notwithstanding that its allegations may later be learned to be completely true. A shot in the dark is a sanctionable event, even if it somehow hits the mark." *Vista Mfg., Inc. v. Trac-4, Inc.*, 131 F.R.D. 134, 138 (N.D. Ind. 1990).

In response to Realtek's Rule 11 motion, FLS provides no description whatsoever of its pre-filing investigation, much less satisfy its burden of "demonstrat[ing] to both the court and the alleged infringer exactly why it believed *before filing the claim* that it had a reasonable chance of proving infringement." *See Source Vagabond,* 753 F.3d at 1302. To the contrary, every factual basis that FLS advances in its Opposition appears to have been developed *after filing suit*. For example, as previously discussed, FLS ignores the sole infringement theory alleged in its original Complaint, based on the

9

AXI4 protocol, and relies entirely on a new theory under the CHI specification (first pled in the FAC), even though FLS has no evidence that it is implemented by any Realtek product. Similarly, the only "evidence" FLS cites to support Realtek's alleged direct infringement in the U.S. is based on Realtek's participation in trade shows, which was never alleged in its Complaint or its FAC and was first raised in response to the present Rule 11 motion. Quilici Decl., Ex. 14 (Dkt. 39-15). Even this new "evidence" of Realtek's attendance at trade shows fails to establish any act of direct infringement.[5]

FLS's cases are distinguishable. In *Woods v. DeAngelo Marine Exhaust, Inc.,* the record was "replete with evidence" (not devoid of evidence) that plaintiff conducted a sufficient pre-filing investigation, which included photographing and analyzing photographs of the accused products that showed the patented features. 692 F.3d 1272, 1288-89 (Fed. Cir. 2012). *Cf. Graceway Pharm., LLC v. Perrigo Co.,* 2010 WL 2521026 (D.N.J. June 10, 2010) (plaintiff introduced affidavits describing an adequate pre-filing investigation). FLS's after-the-fact investigation—which still fails to support its infringement claims—cannot cure its violation of Rule 11 by its filing of the original Complaint.

## V.      CONCLUSION

For at least the reasons set forth above, Realtek respectfully requests that the Court grant its motion, dismiss FLS's claims against Realtek with prejudice, and further award Realtek its attorneys' fees incurred in defending this action, as sanctions for FLS's violations of Rule 11.

---

[5] The only Federal Circuit precedent that FLS relies on is *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind.Com de Equip. Medico,* in which the Court stated "we express no view as to whether [plaintiff] has made a prima facie showing of importation, offer to sell, or use within the meaning of §271(a)" by its display of accused products at a U.S. trade show. 563 F.3d 1285, 1299 (Fed. Cir. 2009). The mere demonstration or display of an accused product at a trade show does not itself constitute a "use" of the product within the scope of §271(a), nor would it constitute an "offer to sell" without the inclusion of price terms. *See Medical Solutions, Inc. v. C Change Surgical LLC,* 541 F.3d 1136, 1139-41 (Fed. Cir. 2008). The exhibits cited by FLS thus fall short of establishing any "use" or "offer to sell" the accused products, Opp. Br. at 8-10, and moreover, fail to show that any product that may have been displayed at the trade shows actually implemented the "CHI" bus architecture. But the Court need not decide the direct infringement issue on this motion, since FLS has failed to show that it satisfied Rule 11 on the merits of its claims based on AXI4 and/or CHI.

Dated: December 9, 2021                    Respectfully Submitted

                                           */s/  Jeffrey L. Johnson*
                                           Jeffrey L. Johnson – Lead Counsel
                                           State Bar No. 24029638
                                           **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                           609 Main Street, 40th Floor
                                           Houston, TX 77002
                                           Telephone: 713.658.6400
                                           Facsimile: 713.658.6401
                                           jj@orrick.com

                                           Robert J. Benson
                                           **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                           2050 Main St., Suite 1100
                                           Irvine, CA 92614
                                           Telephone: 949.567.6700
                                           Facsimile: 949.567.6710
                                           rbenson@orrick.com

                                           Jeffrey T. Quilici
                                           State Bar No. 24083696
                                           **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                           300 West 6th St., Suite 1850
                                           Austin, TX 78701
                                           Telephone: 512.582.6950
                                           Facsimile: 512.582.6949
                                           jquilici@orrick.com

                                           **ATTORNEYS FOR DEFENDANT REALTEK
                                           SEMICONDUCTOR CORP.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 9, 2021, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission or first-class mail.

*/s/ Jeffrey L. Johnson*
Jeffrey L. Johnson

12