# United States Court of Appeals for the Federal Circuit

---

**FUTURE LINK SYSTEMS, LLC,**
*Plaintiff-Appellee*

v.

**REALTEK SEMICONDUCTOR CORPORATION,**
*Defendant-Appellant*

---

2023-1056, 2023-1057

---

Appeals from the United States District Court for the Western District of Texas in Nos. 6:21-cv-00363-ADA-DTG, 6:21-cv-01353-ADA, Judge Alan D. Albright.

---

Decided: September 9, 2025

---

BRIAN DAVID LEDAHL, Russ August & Kabat, Los Angeles, CA, argued for plaintiff-appellee. Also represented by REZA MIRZAIE, ANDREW D. WEISS.

MICHAEL MURRAY, Paul Hastings LLP, Washington, DC, argued for defendant-appellant. Also represented by RUDOLPH KIM, Palo Alto, CA.

---

Before REYNA, BRYSON, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Realtek Semiconductor Corp. ("Realtek") appeals the district court's denial of (1) its motions for fees, costs, and sanctions; and (2) its discovery requests related to confidentiality. We hold that the district court erred in its denial of fees under 35 U.S.C. § 285 and costs under Federal Rule of Civil Procedure 54(d)(1) because, contrary to the district court's decision, Realtek is a prevailing party. We also hold that the district court did not err in its denial of Rule 11 sanctions and fees under 28 U.S.C. § 1927. Finally, with the understanding that most of Realtek's discovery requests are now irrelevant, we hold that the district court did not err in denying the sole discovery request that remains relevant on appeal. Accordingly, for the reasons that follow, we vacate-in-part, affirm-in-part, and remand.

## BACKGROUND

Patent owner Future Link Systems, LLC ("Future Link") initiated two (now-dismissed) patent infringement suits in the U.S. District Court for the Western District of Texas against Realtek, a global supplier of integrated circuits: (1) Case No. 6:21-cv-363 (the "363 case") involving U.S. Patent No. 7,917,680; and (2) Case No. 6:21-cv-1353 (the "1353 case") involving U.S. Patent Nos. 8,099,614 and 7,685,439. The '680 patent "relates to improvements in electronic circuitry in computing devices and processors." J.A. 231; *see* U.S. Patent No. 7,917,680. The '614 and '439 patents "generally relate to integrated circuits and power-saving features." J.A. 4032; *see* U.S. Patent No. 8,099,614; U.S. Patent No. 7,685,439.

In July 2021, Future Link filed its operative complaint in the 363 case. Realtek's accused products included "products that use processors supporting ARM AMBA AXI4 or newer and/or ARM AMBA CHI," e.g., Realtek's "RTD1295, RTD1296, RTD1395, RTD1315, RTD1319, and RTD1619" chips. J.A. 239. As the district court explained, Future Link alleged that Realtek's "products infringe at least

Claim 1 of the '680 Patent because the accused products include a Quality-of-Service ('QoS') feature implemented in the AXI4 bus protocol specification." J.A. 2. Two weeks after Future Link filed its operative complaint, Realtek sought dismissal for improper service and lack of personal jurisdiction. A few months later, in November 2021, Realtek moved for Rule 11 sanctions.

The following month, in December 2021, Future Link filed its operative complaint in the 1353 case, asserting the '614 and '439 patents and naming Realtek's RTD1395 chip as a representative accused product. Realtek moved to dismiss that case based on improper service, failure to state a claim, and lack of personal jurisdiction.

In March 2022, Future Link produced a licensing agreement it had entered in 2019 with MediaTek, Inc., which is not a party to this litigation. MediaTek and Realtek compete in the semiconductor industry. That agreement provided that MediaTek would pay Future Link a lump sum amount if Future Link filed a lawsuit against Realtek. On March 31, 2022, Future Link entered a separate licensing agreement that covers accused Realtek products. Days later, in April 2022, Future Link voluntarily dismissed both cases without prejudice. Realtek then filed motions asserting that Future Link had filed objectively baseless suits and requesting attorneys' fees and costs in both cases.

In September 2022, the district court issued a sealed omnibus order and memorandum opinion in both cases regarding fees, costs, and sanctions. This district court opinion contains the first of two sets of decisions at issue in this appeal. The district court denied: (1) Realtek's motion for attorneys' fees as sanctions under Rule 11 in the 363 case; (2) Realtek's motion for attorneys' fees under 35 U.S.C. § 285 in the 363 case; and (3) Realtek's motion for attorneys' fees and costs under 28 U.S.C. § 1927 in both cases. The court did not, however, address Realtek's request in

the 363 case for costs under Rule 54(d)(1). The district court then granted-in-part Realtek's motions for sanctions under the court's inherent power by ordering that the voluntary dismissals by Future Link be modified to become dismissals *with* prejudice in both cases.

The following month, in October 2022, the district court held a discovery hearing and issued a corresponding discovery order in both cases. This order contains the second set of decisions at issue in this appeal. Realtek had: (1) argued that Future Link's redactions to the district court's sealed omnibus order were excessive, improper, and violated public policy; (2) sought limited relief from the "Outside Attorneys' Eyes Only" designation on portions of the MediaTek license agreement; and (3) sought limited relief from the protective order to show outside counsel for Realtek, who are not counsel of record, certain materials produced in discovery. The district court denied Realtek's requests.

Realtek appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We begin by addressing whether the district court erred in denying fees under 35 U.S.C. § 285 and failing to address Realtek's request for costs under Rule 54(d)(1) in the 363 case. We then evaluate whether the court erred in denying Rule 11 sanctions in the 363 case. After that, we address whether the court erred in denying fees under 28 U.S.C. § 1927 in both cases. Finally, we evaluate whether the district court erred in denying the sole discovery request that remains relevant on appeal.

I

Section 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees *to the prevailing party*." 35 U.S.C. § 285 (emphasis added). Rule 54(d)(1) provides that, "[u]nless a federal statute, [the Federal

Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed *to the prevailing party*." Fed. R. Civ. P. 54(d)(1) (emphasis added). We interpret the term "prevailing party" consistently between Rule 54(d) and § 285. *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 677 (Fed. Cir. 2019). Accordingly, the first set of issues here—whether the district court erred in denying fees under § 285 and failing to address costs under Rule 54(d)(1) in the 363 case—turns on whether Realtek is a prevailing party. We hold that it is.

Whether a litigant is a prevailing party under § 285 and Rule 54 is a matter of Federal Circuit law that we review de novo. *Dragon Intell. Prop., LLC v. Dish Network LLC*, 956 F.3d 1358, 1361 (Fed. Cir. 2020) (section 285 context); *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004) (Rule 54 context). "[T]he question of the effect of a dismissal with prejudice on 35 U.S.C. § 285" is also a matter of Federal Circuit law that we review de novo. *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1032 (Fed. Cir. 2006).

The Supreme Court has said that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989). "When a plaintiff secures an enforceable judgment on the merits . . . , that plaintiff is the prevailing party because he has received a judicially sanctioned change in the legal relationship of the parties." *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (cleaned up) (citation omitted). The Court has also explained that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." *Id.* at 421; *see also id.* at 431 ("The defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision."). Realtek argues that it became the prevailing party when the district court sanctioned Future Link by converting its

voluntary dismissal into a dismissal with prejudice. Future Link argues that Realtek is not the prevailing party because (1) Future Link dismissed the case voluntarily without prejudice, and (2) the licensing agreement that covers accused Realtek products altered the parties' legal relationship, not the district court's sanctions order. We agree with Realtek.

In *Highway Equipment*, we held that the dismissal with prejudice there "ha[d] the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties, such that the district court properly could entertain FECO's fee claim under 35 U.S.C. § 285." 469 F.3d at 1035. In that case, patent owner Highway Equipment sued FECO for patent infringement. *Id.* at 1030. About two years later, Highway Equipment filed a "Declaration and Covenant Not to Sue" FECO. *Id.* FECO moved for § 285 attorney fees. *Id.* at 1031. The district court dismissed the claims between Highway Equipment and FECO with prejudice based on the covenant but denied FECO's § 285 motion. *Id.* We explained on appeal that "[i]n exercising its discretion and dismissing the case with prejudice, following and in light of the covenant, the district court extinguished Highway Equipment's ability to sue again on those claims." *Id.* at 1035. We thus concluded that "FECO's prevailing party status . . . is sufficiently based on [Highway Equipment's] having filed a covenant not to sue with the court to end the litigation, resulting in a dismissal with prejudice." *Id.* at 1035–36 (ultimately agreeing with the district court that FECO did not prove that the case was exceptional).

In *Raniere v. Microsoft Corp.*, an appeal from district court decisions awarding attorney fees and costs, we acknowledged the Supreme Court's holding that "a favorable judgment on the merits is not necessary for a defendant to be deemed a prevailing party." 887 F.3d 1298, 1303 (Fed. Cir. 2018) (citing *CRST*, 578 U.S. at 431); *id.* at 1306. We also explained that "[e]ven without *CRST*, . . . the

district court's dismissal *with prejudice* of [appellant] Raniere's case for lack of standing is tantamount to a judgment on the merits. Under either of these rationales, [a]ppellees [(Microsoft and AT&T)] have in fact prevailed in this case." *Id.* at 1303. We reasoned that appellees Microsoft and AT&T "spent significant time and resources to prevail in this action, as reflected by their request for attorney fees and costs. . . . [They] 'won' through the court's dismissal of Raniere's case with prejudice—they prevented Raniere from achieving a material alteration of the relationship between them . . . ." *Id.* at 1306; *see also id.* at 1308 ("The district court's dismissal with prejudice of [appellant] Raniere's action gave [the a]ppellees the full relief to which they were legally entitled."). We thus affirmed the district court's § 285 award.

The following year, in *B.E. Technology*, we explained that, "unlike [in] *Raniere*, Facebook obtained a dismissal for mootness, not for lack of standing. But that distinction does not warrant a different result." 940 F.3d at 679. We reasoned that "Facebook obtained the outcome it sought via the mootness dismissal; it rebuffed B.E.'s attempt to alter the parties' legal relationship in an infringement suit. This is true even though the mootness decision was made possible by a winning a battle on the merits before the [Patent and Trademark Office]." *Id.* We explained that "a defendant, like Facebook, can prevail by 'rebuffing' plaintiff's claim, irrespective of the reason for the court's decision." *Id.* (agreeing with the district court's determination that Facebook was the prevailing party).

More recently, in *United Cannabis Corp. v. Pure Hemp Collective Inc.*, we held that the "district court committed error in not finding Pure Hemp to be the prevailing party." 66 F.4th 1362, 1367–68 (Fed. Cir. 2023). We explained:

> UCANN sued Pure Hemp for patent infringement and, thereby, attempted to effect a material alteration in the parties' relationship by imposing

>   liability on Pure Hemp. This effort failed, as the case ended – by agreement – with dismissal of UCANN's patent infringement claims with prejudice. Hence, Pure Hemp successfully rebuffed UCANN's lawsuit and ensured that UCANN can never again assert the same patents against Pure Hemp's same accused products; both outcomes make Pure Hemp the prevailing party.

*Id.* at 1368 (ultimately holding that the district court's prevailing-party error was harmless because "the district court did not abuse its discretion in finding this case unexceptional").

These cases are highly instructive and applicable here. Both of Future Link's cases ended "with dismissal of [its] patent infringement claims with prejudice." *Id.* Realtek thus "successfully rebuffed [Future Link's] lawsuit[s] and ensured that [Future Link] can never again assert the same patents against [Realtek's] same accused products." *Id.*; *see also B.E. Tech.*, 940 F.3d at 679 ("a defendant . . . can prevail by 'rebuffing' plaintiff's claim, irrespective of the reason for the court's decision"). Perhaps the district court did not intend to make Realtek a prevailing party when it awarded sanctions and converted the voluntary dismissal to a dismissal with prejudice. But our case law is clear. Under the circumstances of this case, Realtek is a prevailing party. We thus vacate the district court's § 285 decision and remand for the district court to consider whether this case is exceptional and whether fees are appropriate.

The district court did not address costs under Rule 54 in its decision on fees, costs, and sanctions. We review a district court's "actual decision" regarding Rule 54(d)(1) costs under the law of the regional circuit. *Power Mosfet*, 378 F.3d at 1407. "The Fifth Circuit reviews decisions on whether to award costs under Rule 54 for abuse of discretion, but applies a strong presumption that a prevailing

party will be awarded costs and that any district court denying costs will provide an explanation for its decision." *Id.* "Where a district court has provided no reason for a denial of costs, the Fifth Circuit has remanded for further explanation by the district court." *Id.* at 1416; *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) ("[T]he general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court 'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so.'" (citation omitted)). For the reasons explained above, Realtek is a prevailing party. Because the district court did not address costs under Rule 54 at all, we hold that it abused its discretion. We remand for the district court to address Rule 54 costs and explain its decision.

II

Next, we address whether the district court erred in denying Rule 11 sanctions in the 363 case. We hold that it did not.

"Rule 11[(b)] requires that attorneys certify that their claims are well-grounded in fact and in law, and that their filings are not being presented for any improper purpose." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998); Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c)(1).

We apply the law of the regional circuit when reviewing Rule 11 sanctions decisions. *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002). The Fifth Circuit reviews a district court's decision regarding Rule 11 sanctions for abuse of discretion, a "very deferential" standard of review. *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc); *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010) ("[A]n abuse of discretion only occurs where no reasonable

person could take the view adopted by the trial court." (citation omitted)).

Realtek argues that the district court erred twice in denying Realtek's Rule 11 motion: (1) in determining that the pre-filing investigation was adequate, and (2) in determining that Future Link's improper motive in bringing the case could not have been the but-for cause of the suit. We are not persuaded.

First, the district court did not abuse its discretion in determining that Future Link's counsel met their Rule 11 obligations by doing a pre-suit investigation. "In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004). Realtek argues that "Future Link's counsel . . . made no apparent attempt to secure and examine any of the accused products." Appellant's Br. 32. But "testing of an accused product is not *necessarily* a required part of an adequate pre-filing investigation." *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1360 (Fed. Cir. 2019). In *Q-Pharma*, we explained:

> While it is true that Q-Pharma *could have conducted a more thorough investigation* before filing suit, we conclude that its pre-filing infringement analysis was *supported by a sufficient evidentiary basis*. Q-Pharma acquired a sample of the Curél® $CoQ_{10}$ lotion and *reviewed its advertising and labeling*, which listed the product's ingredients and repeatedly touted the therapeutic effects of $CoQ_{10}$. Q-Pharma concluded, however, that chemical analyses identifying the actual percentage of $CoQ_{10}$ in the accused product would not likely have changed its infringement analysis.

Case 6:21-cv-06056-ADA Document 88-15 Filed 09/12/25 Page 11 of 16
Case: 23-1056    Document: 45    Page: 11    Filed: 09/09/2025

FUTURE LINK SYSTEMS, LLC v.                                    11
REALTEK SEMICONDUCTOR CORPORATION

360 F.3d at 1302 (emphases added). We further explained that "the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis" and that the "most important[]" aspect of the investigation is a "compar[ison] [of] the claims of the patent with the accused product." *Id.* at 1302–03 ("[A]n infringement analysis can simply consist of a good faith, informed comparison of the claims of a patent against the accused subject matter.").

Future Link did this comparison before filing suit. J.A. 32 ¶ 17 (original complaint in the 363 case); J.A. 48–66 (claim chart attached to original complaint). And, before it filed its operative complaint in the 363 case, Future Link obtained three of the accused products. J.A. 237 ¶ 9; J.A. 258 (July 1, 2021 order confirmation). Future Link's claim chart, which was filed with the 363 case's original complaint and incorporated into the 363 case's amended complaint, cites to specific materials, including:

> 1) Realtek's website describing the features of the accused products, including their use of an ARM Cortex A53 design; 2) the ARM Cortex A53 Technical Reference Manual; 3) the ARM AMBA AXI and ACE Protocol Specification referenced in the Technical Reference Manual; 4) the ARM AMBA 5 CHI Architecture Specification; 5) a textbook chapter describing AMBA functioning in ARM processors; 6) a third-party document describing the functionality of the AXI Interconnect in ARM processors; and 7) an ARM CoreLink Network Interconnect Technical Reference Manual.

Appellee's Br. 17 (citations omitted); J.A. 48–66. Under our law, the district court did not abuse its discretion in concluding that Future Link's "claim of infringement was supported by a sufficient factual basis." *Q-Pharma*, 360 F.3d at 1303.

Realtek contends that because the QoS feature is optional, the district court's reading of the technical documents listed above was clearly erroneous. But the district court acknowledged that the QoS feature is optional and explained why the technical documents do not affirmatively indicate that the accused QoS feature is disabled or unsupported.

For all these reasons, we discern no abuse of discretion in the district court's determination that Future Link's counsel "met their Rule 11 obligations by investigating the optional feature and believing it was active." J.A. 10.

Second, the district court did not abuse its discretion in determining that "an improper purpose was not the but-for cause of [Future Link]'s counsel filing the 363 Complaint." J.A. 12. "[A]n improper purpose cannot stand on its own if it lacks" but-for "causative force." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 583 (5th Cir. 2008). "If a reasonably clear legal justification can be shown for the filing of the paper in question, no improper purpose can be found and sanctions are inappropriate." *Id.* at 585 (citation omitted). Here, the district court explained that Future Link "filed a plausible patent infringement case based on what it believed to be an implemented, optional feature" and that "[another entity's] non-frivolous settlement payment shows that another serious party believed the case [to] be non-frivolous." J.A. 12 (finding Future Link's counsel credible); *see* J.A. 4. We discern no abuse of discretion in the district court's analysis.

Accordingly, we affirm the district court's denial of Rule 11 sanctions in the 363 case.

### III

We now turn to whether the district court erred in denying fees under 28 U.S.C. § 1927 in both the 363 and 1353 cases. We hold that it did not.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. We review § 1927 decisions under the law of the regional circuit. *United Cannabis Corp.*, 66 F.4th at 1367. The imposition of § 1927 sanctions is a decision "committed to the sound discretion of the court imposing them; we review only for abuse of that discretion." *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1417 (5th Cir. 1994). Section 1927 sanctions require a higher "standard of culpability than" Rule 11 sanctions—section 1927 requires "clear and convincing evidence, that *every facet* of the litigation was patently meritless," and "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Bryant*, 597 F.3d at 694 (citation omitted). Section 1927 sanctions are to be "sparingly applied." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023).

Realtek argues that the district court applied the wrong standard in its § 1927 analysis. We disagree. The district court explained: "Realtek fails to offer clear and convincing evidence that meets the Fifth Circuit's high standard of finding this litigation meritless. Moreover, nothing shows that [Future Link] persisted in litigation or vexatiously multiplied the proceedings." J.A. 14–15. The district court applied the appropriate law, and we discern no abuse of discretion in the district court's analysis. We thus affirm the district court's § 1927 decisions.

IV

Finally, we address whether the district court erred in denying the sole discovery request that remains relevant on appeal. As Realtek's counsel conceded at oral argument,

14           FUTURE LINK SYSTEMS, LLC v.
             REALTEK SEMICONDUCTOR CORPORATION

most sealing issues "have become practically irrelevant," but one issue is still live. Oral Arg. at 12:22–13:05, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-1056_04102025.mp3.

We review the district court's discovery decisions for abuse of discretion, applying the law of the regional circuit. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1292 (Fed. Cir. 2008); *Ford v. City of Huntsville*, 242 F.3d 235, 241 (5th Cir. 2001) (reviewing the grant of a confidentiality order for abuse of discretion); *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) ("Appellate review of a motion to seal or unseal documents is for abuse of discretion.").

Realtek argues that the district court abused its discretion in failing to grant Realtek's requested exemptions from the interim protective order, which requires counsel to file a notice of appearance to have access to confidential materials. At oral argument, Realtek conceded that this is a "standard provision in Texas" and that Realtek "did not object to it" because it is the "default order." Oral Arg. at 13:51–14:28.

The district court discussed this issue with the parties during the October 2022 hearing. Realtek's counsel urged that it was not "proper that every consulting . . . attorney out there has to make an appearance on the record." J.A. 6191. The district court explained that "the[ lawyers] have to make an appearance and sign the protective order so that . . . if the other side thought something went awry, [the district court] would have the power to deal with them." J.A. 6192. The district court further explained:

> [T]he better course . . . to take . . . with regard to confidential and highly confidential information is to know who the universe is of people who have had access to it. Therefore . . . for anyone to see information that is highly confidential or confidential[,]

FUTURE LINK SYSTEMS, LLC v. 15
REALTEK SEMICONDUCTOR CORPORATION

> [they] would make an appearance in the case. They need to sign off on [the] protective order.

*Id.*

The "good cause" standard "applies to protective orders sealing documents produced in discovery." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); Fed. R. Civ. P. 26(c)(1). The Fifth Circuit has explained:

> Rule 26(c)'s requirement of a showing of good cause to support the issuance [or modification] of a protective order indicates that the burden is upon the movant to show the necessity of its issuance [or modification], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.

*In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (cleaned up) (citation omitted); *United States v. Morales*, 807 F.3d 717, 723 (5th Cir. 2015) (explaining that, in the civil context, courts consider, among other things, whether good cause exists when determining whether to modify a protective order).

On appeal, Realtek argues that it "must have the opportunity to select the counsel of its choosing without putting its every move on display, and the need to do so constitutes good cause to relieve Realtek from the standing order in this context." Reply Br. 24. We see no abuse of discretion in the district court's analysis, as the district court reasonably concluded that Realtek's reason for seeking an exemption to the interim protective order does not rise to the level of good cause.

We thus affirm the decision of the district court regarding this discovery request.

## CONCLUSION

We have considered the parties' remaining arguments and are unpersuaded. For the foregoing reasons, we

vacate-in-part, affirm-in-part, and remand for further proceedings consistent with this opinion.

### VACATED-IN-PART, AFFIRMED-IN-PART, AND REMANDED

Costs

No costs.